UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD SEROSKI, and
DIANA SEROSKI,

    Plaintiffs,

-vs-

CASE NO.:
6:15-cv-1899-ORL-22KRS

TD BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, RONALD SEROSKI and DIANA SEROSKI, by and through their undersigned counsel, sue the Defendant, TD BANK N.A., and in support thereof respectfully alleges the following:

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like TD BANK N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiffs reside in this District (Brevard County), the phone calls were received in this District, and the Defendant transacts business in Brevard County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Brevard County, Florida, and reside in this District.

11. Plaintiffs are "consumers" as defined in Florida Statute 559.55(2).

12. Plaintiffs are "alleged debtors."

13. Plaintiffs are the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant, TD BANK, N.A., is a corporation which was formed in Toronto, Canada with its principal place of business located at TWO PORTLAND SQUARE, PORTLAND, ME 04112, and conducting business in the State of Florida through its registered agent, UNITED STATES CORPORATION COMPANY, 1201 HAYS STREET TALLAHASSEE, FL 32301-2525.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Brevard County, Florida, by the Defendant's placing of illegal calls to Brevard County, Florida.

3

18. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling their cellular telephone numbers up to four (4) times a day from approximately July 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plantiffs will testify that there was a pause (with music playing) before a live person came on the line, which is a common indicator of an ATDS.

21. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone numbers after approximately July 2015, was done so after they had revoked consent and without the "prior expressed consent" of the Plaintiffs.

22. DIANA SEROSKI is the regular user and carrier of the cellular telephone number, (603) ***-0871, and was a called party and recipient of Defendant's autodialer calls.

23. RONALD SEROSKI is the regular user and carrier of the cellular telephone number, (772) ***-4146, and was a called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from the telephone number including but not limited to 888-561-8862, and when that number is called, a prerecorded voice or a representative answers and identifies the company as "TD Card Services."

25. On or about July, 2015, DIANA SEROSKI told a representative from Defendant that she no longer wanted to be called on her cellular telephone, thereby revoking any consent the Defendant may have had to call her using an ATDS or pre-recorded voice.

26. Thereafter the Defendant began calling RONALD SEROSKI in an effort to reach DIANA SEROSKI. The Defendant never had the prior express consent of RONALD SEROSKI to call his cellular phone using an ATDS or pre-recorded voice.

27. Since July 2015, both Plaintiffs have told numerous representatives from Defendant to stop calling them; however the calls have continued.

28. RONALD SEROSKI has advised the Defendant that they have the wrong number when they have called his cell phone; however the calls have continued.

29. Despite RONALD SEROSKI informing Defendant to stop calling, the Defendant's autodialer calls to RONALD SEROSKI'S cellular phone continued after July, 2015 including but not limited to the following calls:

### From Phone Number 888-561-8862:

i. August 4, 2015
ii. August 13, 2015 (x 3)
iii. August 14, 2015 (x 3)
iv. August 15, 2015 (x 2)
v. August 17, 2015 (x 3)
vi. August 18, 2015 (x 3)
vii. August 19, 2015 (x 2)
viii. August 25, 2015 (x 2)
ix. August 27, 2015 (x 3)
x. August 28, 2015
xi. August 29, 2015 (x 3)

    xii.    August 31, 2015 (x 3)

    xiii.    September 1, 2015 (x 4)

30. It is estimated that RONALD SEROSKI has received over 140 calls from the Defendant without his prior express consent and DIANA SEROSKI has received over 50 calls from the Defendant since revoking her prior express consent to be called.

31. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiffs' cellular telephones in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number(s).

32. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well beyond July 2015, when Plaintiffs first advised Defendant to stop calling them.

33. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite the individuals, like Plaintiffs, advising Defendant to stop calling.

34. Defendant's corporate policy provided no means for the Plaintiffs to have their cellular numbers removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiffs.

35. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

36. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

37. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

38. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiffs cellular telephones.

39. Due to Defendant's constant autodialer calls and demands for payment the Plaintiffs have suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

40. Plaintiffs re-allege and incorporate Paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

41. None of Defendant's autodialer calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

42. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiffs cellular telephone numbers after Plaintiff revoked consent to be called and without Plaintiffs prior express consent,

43. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiffs cellular telephones after Plaintiffs notified Defendant on or about July 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact them, and told Defendant to stop calling them.

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiffs prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TD BANK N.A., for statutory damages, actual damages, treble damages, punitive damages, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

45. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39) above as if fully set forth herein.

46. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

47. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his or her family. Defendant continued to call Plaintiffs without their prior express consent and after Plaintiffs informed Defendant to stop calling. Defendant called Plaintiffs almost daily which is a frequency that can be reasonably expected to harass. The calls continue through the filing of this complaint.

48. Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TD BANK N.A. for statutory damages, punitive damages, actual

damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

                              Respectfully submitted,

                              *s/ Frank H. Kerney III*
                              Frank H. Kerney III, Esquire
                              Morgan & Morgan, Tampa, P.A.
                              201 North Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Tele: (813) 223-5505
                              Fax: (813) 223-5402
                              Florida Bar #: 88672
                              Attorney for Plaintiff
                              FKerney@ForThePeople.com